## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIAN HENRY, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-CV-01132 |
| v. | (SAPORITO, J.) |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

## <u>MEMORANDUM</u>

On April 22, 2024, the plaintiff, Damian Henry, initiated this breach of contract case by filing a Writ of Summons in the Court of Common Pleas of Schuylkill County. (Doc. 1-1). On June 14, 2024, the plaintiff filed a complaint after State Farm filed a praecipe for rule to file complaint. (Doc. 1-1). On July 10, 2024, State Farm timely removed this case to the Middle District of Pennsylvania alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). The plaintiff brings a single breach of contract claim against State Farm alleging that State Farm refused to pay the plaintiff his entitled benefits under an insurance policy between the parties. (Doc. 1-1). Now before the Court is State Farm's motion for summary judgment under Rule 56 of the Federal Rules

of Civil Procedure. (Doc. 14). The parties have briefed the motion (Doc. 15; Doc. 16; Doc. 19) which is ripe for disposition. For the reasons set forth below, we will deny the motion.

## I.  Background[1]

At the time of the underlying events on April 22, 2023, the plaintiff owned a homeowners insurance policy with State Farm for the plaintiff's property located at 36 Water Street, New Philadelphia, PA 17959. On that day, the plaintiff avers that he had left his house to shop at Walmart when a neighbor called him and advised him that his property was on fire. The plaintiff filed a claim with State Farm under the policy for the damage to his property.

State Farm subsequently investigated the plaintiff's claim. During the investigation, State Farm hired Lee McAdams, a certified fire and explosion investigator, with McAdams Fire & Explosion Investigations, LLC. In his report, Mr. McAdams concluded that the fire had started after "some type of liquid accelerant was poured on and around the love seat on clothing and carpet and then ignited by some means." (Doc. 14-5,

---

[1] The facts are taken from State Farm's "Concise Statement of Facts" in support of its motion for summary judgment. (Doc. 14-2).

at 5). He further concluded that "[n]othing else was found by [him] that could have caused this fire in this area, and other possibilities were eliminated." (*Id.*).

Throughout the investigation, State Farm also became aware of a judgment entered against the plaintiff on February 1, 2022, by the Supreme Court of King's County, New York in the amount of $44,199.00. On April 19, 2023, that judgment was transferred to the Court of Common Pleas of Schuylkill County and a court-issued notice of that judgment was sent to the plaintiff on that same date. State Farm points out that the notice occurred three days before the fire causing damage to the plaintiff's property. Moreover, State Farm became aware of a second judgment entered against the plaintiff on April 24, 2023, in the Court of Common Pleas of Schuylkill County in the amount of $64,687.96 in the matter entitled *AIM Leasing Co., et al. v. Henry, et al.,* Case No. S-1600-2022. State Farm notes that the plaintiff entered his appearance *pro se* in the *AIM* litigation just two days before the subject fire.

On September 29, 2023, State Farm, through counsel, conducted the plaintiff's examination under oath ("EUO") in accordance with the terms of the homeowner's policy. State Farm references three examples

of the plaintiff's testimony in its statement of material facts as follows:

> Q. And then getting back to my questions about any financial difficulties, did you have any judgments entered against you?
>
> A. No. Not that I know of.
>
> Q. Have you ever had any judgments entered against you.
>
> A. Not that I can recall.

(Doc. 14-2, at 5; Doc. 14-13, at 4).

*    *    *    *

> Q. Other than this incident with the Chevy Express, no other – no other loans, no other defaults, no other judgments or liens or anything like that?
>
> A. No.
>
> Q. And you weren't experiencing any other kind of financial difficulties prior to April of 2023?
>
> A. No.
>
> Q. Did you experience any financial difficulties in April of 2023?
>
> A. Not more than usual.
>
> Q. Again, sir, when you say "not more than the usual," What's the usual?
>
> A. Being broke and not being able to go and get what you want.

(Doc. 14-2, at 5–6; Doc. 14-13, at 5–3).

\*       \*       \*       \*

> Q. Were you involved in any lawsuits in April of 2023?
>
> A. No.
>
> Q. Were there any judgments or liens entered against you in April of 2023?
>
> A. I don't think so.
>
> Q. When I say April of 2023, either before or after the fire?
>
> A. I don't think so.

(Doc. 14-13, at 7). Moreover, State Farm has identified the following

exchange in the plaintiff's deposition in this case:

> Q. So we've talked about the Premier Credit judgment from New York that was transferred to Pennsylvania right before the loss. We've talked about the AIM Leasing litigation judgment that you were filing a motion on right before the loss. The total of those two judgments is over a $108,000.
>
> And at your – in your statements to State Farm, whether the Examination Under Oath or otherwise, you've acknowledged that you testified you had no judgments under your name, correct?
>
> A. Well, at that time it wasn't on to the top of my brain for – that day, I wasn't thinking about that.

Q. But what I just said is correct?

A. I really didn't – I'm sorry. Go ahead.

Q. But what I had said was correct

A. Yes, I believe so.

(Doc. 14-4, at 4). On February 2, 2024, based upon the contradiction between the plaintiff's record of judgments against him and his answers denying the existence of those judgments, State Farm sent the plaintiff a letter, via his counsel and public adjuster, denying the plaintiff's property damage claim due to what State Farm calls "material misrepresentations" in the plaintiff's claim. State Farm's denial concerned the following condition of the insurance policy:

> 2.    **Concealment or Fraud.** This policy is void as to *you* and any other *insured* if *you* or any other *insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

(Doc. 14-15). The plaintiff has brought this action on the basis that State Farm's denial under this policy provision "was made without a reasonable basis in fact" and constitutes a breach of the insurance contract. (Doc. 1-1, ¶¶ 10–11).

## II.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient

disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 595, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d

378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

## III.    Discussion

The key issue before the Court is whether the plaintiff's alleged misrepresentations were sufficient to void State Farm's homeowners' insurance policy. "Under Pennsylvania law an insurance policy is void for misrepresentation when the insurer establishes three elements: (1) that the representation was false; (2) that the insured knew that the representation was false when made or made in bad faith; and (3) that the representation was material to the risk being insured." *New York Life Ins. Co. v. Johnson*, 923 F.2d 279, 281 (3d Cir. 1991). State Farm contends that the record satisfies all three elements. But upon review of the record, there remains a clear genuine dispute of material fact as to at least the second element, and thus, State Farm's motion for summary judgment will be denied.

Our analysis focuses on the second element. State Farm argues that the plaintiff knowingly, or in bad faith, "repeatedly misrepresented and/or concealed the existence of monetary judgments against him totaling over $100,000.00." (Doc. 15, at 7). State Farm identifies two

examples in the plaintiff's examination under oath as evidence for its claim. First, State Farm contends that the plaintiff misrepresented the existence of monetary judgments by responding, "No. Not that I know of" and "Not that I can recall" when asked directly if he had ever had any judgments previously entered against him. (Doc. 14-13, at 4). Second, State Farm maintains that the plaintiff misrepresented the judgments against him by answering "No" when asked if he had any loans, defaults, judgments, or liens entered against him. (*Id.*, at 6). Finally, State Farm argues that the plaintiff also knowingly, or in bad faith, misrepresented his legal situation when he affirmatively denied his involvement in any lawsuits in April of 2023. (Doc. 19, at 2) (citing Doc. 14-2, ¶ 24).

Upon review of the record before us, it is clear that two judgments had been previously entered against the plaintiff with the plaintiff's direct involvement in at least one lawsuit. *See* (Doc. 14-7) (showing the judgment entered against the plaintiff in the amount of $44,199.00 by the Supreme Court of Kings County, New York); *see also* (Doc. 14-9) (documenting the judgment entered against the plaintiff in the Court of Common Pleas of Schuylkill County on April 24, 2023, in the amount of $64,687.96). Indeed, the plaintiff does not dispute these facts. (Doc. 16,

at 3—5). But to void an insurance policy for misrepresentation, as State Farm attempts to do here, the plaintiff must have made a false representation either knowingly or in bad faith. *New York Life Ins. Co.*, 923 F.2d at 281. The plaintiff contends his statements were not made in bad faith because at the time of his examination, he "simply did not have these judgments against him on his mind." (Doc. 16, at 19); *see* (Doc. 14-14, at 4) ("Well, at that time [the judgments weren't] on to the top of my brain for -- that day, I wasn't thinking about that."). Moreover, the plaintiff argues that he did not knowingly convey false statements about any judgments entered against him because he affirmatively did not deny knowledge of those judgments. *See, e.g.,* (Doc 14-3, at 4, 7) (answering "Not that I know of" and "I don't think so" when asked about monetary judgments). Therefore, the plaintiff maintains that question of whether his false statements were made knowingly or in bad faith should ultimately be left up to the jury because there remains a genuine dispute of material fact as to his intent. (Doc. 16, at 19). We agree.

"Generally an insured's state of mind is an issue of fact for the jury." *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 523 (3d Cir. 2004), *as amended* (Aug. 12, 2004) (citing *Coolspring Stone Supply, Inc. v. Am.*

*States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993)). "The issue of intent is 'particularly inappropriate for resolution by summary judgment' because evaluating state of mind often requires the drawing of inferences from the conduct of parties about which reasonable persons might differ." *Id.* at 524 (quoting *Riehl v. Travelers Ins. Co.*, 772 F.2d 19, 24 (3d Cir. 1985)) (citations omitted). Moreover, we reiterate that when generally deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore*, 24 F.3d at 512. Here, although State Farm has identified evidence in record that it argues definitively shows that the plaintiff knowingly, or in bad faith, made false representations, the plaintiff's testimony creates a genuine dispute of material fact as to his intent under the second element of misrepresentation. This determination is ultimately better left for a factfinder. Therefore, State Farm's motion for summary judgment is denied. We need not analyze State Farm's arguments concerning the other two elements.

## IV.    Conclusion

For the foregoing reasons, we will deny State Farm's motion for

summary judgment.

An appropriate order follows.


Dated: December 3, 2025          *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge